UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                      Case No.  8:08-cr-119-T-23TBM
                                                                  8:10-cv-1640-T-23TBM
EDUARDO FUENTES-VILLAFRANCO
_____/


**O R D E R**

    Fuentes-Villafranco's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1)

challenges the validity of his conviction for illegal re-entry after previous deportation, for

which offense he serves seventy months.  Rule 4, Rules Governing Section 2255

Cases, requires both a preliminary review of the motion to vacate and a summary

dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and

the record of prior proceedings that the moving party is not entitled to relief . . . ."

Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary

dismissal of a Section 2255 motion was proper "[b]ecause in this case the record,

uncontradicted by [defendant], shows that he is not entitled to relief.");  Hart v. United

States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court

to summarily dismiss the motion and notify the movant if 'it plainly appears from the face

---

    [1]   Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued
before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.
1981) (en banc).

of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  Fuentes-Villafranco's motion lacks merit.

Fuentes-Villafranco pleaded guilty without the benefit of a plea agreement. According to the presentence report, between 1997 and 2002 Fuentes-Villafranco was arrested twenty-four times for  illegally entering the United States, but each time he was allowed to voluntarily return to Mexico.  When Fuentes-Villafranco illegally entered in August, 2002, he was arrested, convicted of illegal re-entry, and sentenced to five months.  Two months after his release in 2003, Fuentes-Villafranco again re-entered.  Immigration and Customs Enforcement officers discovered Fuentes-Villafranco in the Hillsborough County jail in 2008, which culminated with Fuentes-Villafranco's current conviction.  According to the presentence report, Fuentes-Villafranco has used ten aliases, five false dates of birth, and two false social security numbers.  With a criminal history category of VI and an offense level ten, Fuentes-Villafranco guideline range was twenty-four to thirty months.  Before imposing an upward departure sentence of seventy months, this court commented upon Fuentes-Villafranco's generally disregarding society's laws and persistently endangering the community, such as his latest arrest when Fuentes-Villafranco had a blood alcohol level of .327 while driving a car.  Lastly, this court observed that the statutory maximum of ten years would be a reasonable sentence if there is another illegal re-entry.  The circuit court affirmed (Doc. 31) on direct appeal.

Fuentes-Villafranco alleges in his motion to vacate that defense counsel rendered ineffective assistance by failing to request a "fast track" downward adjustment

of the sentencing range.  To prevail on a claim of ineffective assistance of counsel, Fuentes-Villafranco must prove that trial counsel's performance was both deficient and prejudicial.  Strickland v. Washington, 466 U.S. 668, 697 (1984).  The United States Attorney's Office for the Middle District of Florida has no "fast track" program.  United States v. Llanos-Agostadero, 486 F.3d 1194, 1196 (11th Cir. 2007) (recognizing that no "fast track" program exists in the Middle District of Florida).  Fuentes-Villafranco cannot rely on the existence of a "fast track" program in another district.  United States v. Campos-Diaz, 472 F.3d 1278, 1280 (11th Cir. 2006), cert. denied, 549 U.S. 1361 (2007).  Counsel is not ineffective for failing to pursue a nonexistent adjustment.

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Fuentes-Villafranco and close this case.

ORDERED in Tampa, Florida, on July 30, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE